UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE HANEVOLD, | CASE NO.  2:11-cv-01869-JAM-EFB |
| Plaintiff, | **MEMORANDUM, DECISION AND ORDER GRANTING MOTION TO DISMISS** |
| vs. | |
| SUSAN HSU, M.D. AND and DOES 1 through 20 inclusive, | |
| Defendants. _____/ | |

The motion to dismiss for lack of personal jurisdiction filed September 16, 2011 (Dkt #6) by the defendant, Susan Hsu, M.D., came on regularly before this Court for hearing on November 16, 2011.  The plaintiff, Renee Hanevold, filed papers and supporting declarations opposing said motion on November 2, 2011 (Dkt. #7 and #7-1), and the defendant filed her reply on November 9, 2011 (Dkt. #8).  Rick R. Hsu, Esq. appeared as attorney for the defendant, and Anthony J. Poidmore, Esq., appeared as attorney for the plaintiff.  Having read and considered the memoranda submitted by counsel, the attachments thereto, the pleadings, and the arguments of counsel, the Court now renders the following Memorandum, Decision and Order.

**FACTUAL BACKGROUND**

Plaintiff was working at Renown Hospital ("Renown") in Reno, Nevada as a certified nurse midwife from March, 31, 2009 through November 15, 2010.  Defendant is an obstetrics and

gynecology physician at Renown and was Plaintiff's supervising physician. While employed at Renown, plaintiff had a dispute with defendant over a purported practice regarding breaking the water of certain pregnant female patients.

In October, 2010, plaintiff moved to Placer County, California and applied for and was offered a job at Feather River Hospital ("Feather River") in Butte County, California. Plaintiff began her employment at Feather River on December 6, 2010 with a two-day orientation program. On December 7, 2010, the Chief of Staff at Feather River, Anthony Nasr, M.D., called the defendant by telephone to speak about the plaintiff. Defendant allegedly knew that her statements would affect plaintiff's employment. However, Dr. Nasr did not identify the state from where he was calling, nor did defendant know from where he was calling. During the telephone conversation, defendant allegedly falsely told Dr. Nasr that plaintiff's hospital privileges had been suspended, limited or restricted. Defendant also allegedly refused to answer a question about plaintiff's medical knowledge or judgment, which implied that plaintiff lacked medical knowledge or judgment. As a result of the telephone conversation, Feather River terminated plaintiff's employment. Plaintiff filed her Complaint against defendant on July 15, 2011 in this Court alleging defamation *per se* and that she is entitled to punitive damages because the defamation was made maliciously and with ill will. Defendant moves for dismissal for lack of personal jurisdiction.

## ANALYSIS

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). To meet this burden, the plaintiff must demonstrate that personal jurisdiction over a defendant is (1) permitted under the applicable state's long-arm statute

and (2) that the exercise of jurisdiction does not violate federal due process. *Id.* Because California's long-arm statute, Cal.Civ.Proc.Code § 410.10, is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir.2004).

Where the issue is before the Court on a motion to dismiss based on affidavits and discovery materials without an evidentiary hearing, the plaintiff must make "a *prima facie* showing of facts supporting jurisdiction through its pleadings and affidavits to avoid dismissal." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1119 (9th Cir.2002). The Court accepts as true any *uncontroverted* allegations in the complaint and resolves any conflicts between the facts contained in the parties' evidence in the plaintiff's favor. *Id.* However, for personal jurisdiction purposes, a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Alexander v. Circus Circus Enters., Inc.*, 972 F.2d 261, 262 (9th Cir.1992) (quotation omitted).

Where subject matter jurisdiction is based on diversity, as in this case, "a federal court applies the personal jurisdiction rules of the forum state provided the exercise of jurisdiction comports with due process." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986). However, "federal law is controlling on the issue of due process under the United States Constitution." *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1286, n.3 (9th Cir.1977); *see also Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir.2002).

To satisfy federal due process standards, a nonresident defendant must have "minimum contacts" with the forum state so that the assertion of jurisdiction does not offend traditional notions of fair play and substantial justice. *Pebble Beach Co.*, 453 F.3d at 1155 (*citing International Shoe*

*Co. v. Washington*, 326 U.S. 310, 315 (1945)). A federal district court may exercise either general or specific personal jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984).

    A.    <u>The Court Lacks General Personal Jurisdiction over Defendant.</u>

To establish general personal jurisdiction, the plaintiff must demonstrate that the defendant has sufficient contacts to "constitute the kind of continuous and systematic general business contacts that 'approximate physical presence.'" *Glencore Grain*, 284 F.3d at 1124. "A defendant whose contacts are substantial, continuous, and systematic is subject to a court's general jurisdiction even if the suit concerns matters not arising out of his contacts with the forum." *Id.* at 1123 (*citing Helicopteros*, 466 U.S. at 415, n.9).

In this case, the defendant has submitted evidence of minimal contacts in California. Defendant grew up in Reno, attended high school, undergraduate college and medical school in Reno, and is licensed to practice medicine only in Nevada. Plaintiff neither disputes defendant's evidence on this issue nor submits any argument that the Court may exercise general personal jurisdiction over the defendant. Therefore, the Court finds that it lacks general personal jurisdiction over the defendant.

    B.    <u>The Court Lacks Specific Personal Jurisdiction over Defendant.</u>

The question on whether the Court can exercise specific personal jurisdiction over defendant is close. Both parties acknowledge the three-prong legal test for determining whether the Court may exercise specific personal jurisdiction over a nonresident defendant based on the defendant's "minimum contacts": (1) the defendant has performed some act or transaction within the forum or purposefully availed himself of the privileges of conducting activities within the forum, (2) the

plaintiff's claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction over the defendant is reasonable. *Pebble Beach Co.*, 453 F.3d at 1155-56. "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir.1995).

        1.        <u>Purposeful Availment.</u>

Under the first prong, the plaintiff must establish either that the defendant "(1) purposefully availed herself of the privilege of conducting his activities in the forum, or (2) purposefully directed her activities toward the forum." *Pebble Beach Co.*, 453 F.3d at 1155. "Evidence of availment is typically action taking place in the forum that invokes the benefits and protections of the laws in the forum." <u>Id.</u> Evidence of direction usually consists of conduct taking place outside the forum that the defendant directs at the forum. <u>Id.</u> at 1155-56. Plaintiff cites to the "effects" test first articulated in *Calder v. Jones*, 465 U.S. 783 (1984). In *Calder*, the California-based actress, Shirley Jones, sued the *National Enquirer* and two newspapermen for an allegedly defamatory article published in the magazine. Despite the newspapermen writing and editing the article in Florida and having few contacts with California, the U.S. Supreme Court upheld the exercise of personal jurisdiction over them in California because they knew that the article would have an effect in that state. In the words of the *Calder* Court, the defendants had not engaged in "mere untargeted negligence," rather, "their intentional, and allegedly tortious, actions were expressly aimed at California." *Calder*, 465 U.S. at 789.

Plaintiff also cites to *Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257 (9th Cir. 1989). The *Brainerd* plaintiff was a faculty member at the University of Alberta, Canada who left

after a dispute and accepted a tenured position at the University of Arizona. The associate dean of the University of Arizona called an individually named defendant named Meekison, who was the academic vice president of the University of Alberta. Meekison allegedly accused the plaintiff of misusing federal research funds. The Ninth Circuit applied the *Calder* "effects" test in exercising jurisdiction over Meekison. *Brainerd*, 873 F.2d at 1259-60. In doing so, the *Brainerd* Court held:

> His communications were directed to Arizona, even though he did not initiate the contact. Assuming the allegations in the complaint are true, Meekison knew the injury and harm stemming from his communications would occur in Arizona, where Brainerd planned to live and work. Those contacts with the forum support personal jurisdiction over Meekison in Arizona.

*Id.* at 1259.

Defendant argues that the reach of *Calder* and *Brainerd* has been restricted by the Ninth Circuit's decision in *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000). Defendant further argues that plaintiff has not met her burden of establishing that defendant knew plaintiff resided in California or that Dr. Nasr was calling from California. The Court agrees. In *Bancroft,* the Ninth Circuit stated:

> In *Calder*, the Supreme Court held that a foreign act that is both aimed at and has effect in the forum state satisfies the purposeful availment prong of the specific jurisdiction analysis. . . . Subsequent cases have struggled somewhat with *Calder's* import, recognizing that the case cannot stand for the broad proposition that a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction. We have said that *there must be "something more,"* but have not spelled out what that something more must be. *See Panavision*, 141 F.3d at 1322.
>
> We now conclude that "something more" is what the Supreme Court described as "express aiming" at the forum state. *See Calder*, 465 U.S. at 789, 104 S.Ct. 1482. Express aiming is a concept that in the jurisdictional context hardly defines itself. From the available cases, we deduce that *the requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.* For example, in *Calder* itself, the defendants were a reporter and an editor of a nationally-circulated

> tabloid newspaper whom plaintiff, a well-known California resident, accused of libel. The defendants argued that the alleged wrong had no intended nexus with California and that they should be treated like "a welder employed in Florida who works on a boiler which subsequently explodes in California." *Id.* The Supreme Court rejected this proposed analogy, pointing out that "petitioners are not charged with mere untargeted negligence. Rather, their intentional, and allegedly tortious, actions were expressly aimed at California." *Id.*

*Bancroft*, 223 F.3d at 1087 (emphasis added). The *Bancroft* Court also observed that in *Brainerd*, the Canadian defendant knew the allegedly defamed person resided in Arizona. *Id.*

After closely reviewing the Complaint and declarations submitted by the parties, the Court finds that the plaintiff has not met her burden of showing "something more" required to apply the *Calder* "effects" test, as articulated in *Bancroft*. Plaintiff's declaration does not assert that defendant knew that plaintiff was a resident of California. Nor does the declaration of Dr. Nasr submitted by the plaintiff state that he informed defendant that he was calling from California. Instead, Dr. Nasr's declaration merely states, "I identified myself, and Dr. Hsu identified herself as Dr. Susan Hsu." Unlike in *Brainerd* where the subsequent employer was calling from the University of Arizona which by definition is located in Arizona, it is not self-evident from the name, Feather River Hospital, that Dr. Nasr was calling from California. *See Wood v. Northwest Airlines, Inc.*, 2010 WL 2485946 at 4-5 (D. Ha. 2010) (plaintiff failed to demonstrate that defendant knew she was a resident of Hawaii and actually targeted the forum state); *see also McBreen v. Beech Aircraft Corp.*, 543 F.2d 26, 28 (7th Cir. 1976) (no jurisdiction in defamation case where defendant did not know from where phone call originated). Because the plaintiff has not shown that defendant knew of her California residence or that Dr. Nasr's phone call originated from California, the Court finds that specific personal jurisdiction under the "effects" test is not appropriate.

Plaintiff having failed at the first prong, the jurisdictional inquiry ends and the case may be

dismissed without the need to address the remaining two prongs. *See Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). Nevertheless, for purposes of completing the record, the Court makes the following findings on the remaining two prongs.

        2.      <u>Arising From Prong.</u>

In determining the second prong of the specific jurisdiction test, the Ninth Circuit applies a "but for" test to assess whether the claim arises out forum-related conduct. *Glencore Grain*, 284 F.3d at 1123. The Court finds that based on the plaintiff's allegation that her employment was terminated as a result of the telephone conversation between Dr. Nasr and Defendant, the second prong has been met.

        3.      <u>Reasonableness Prong.</u>

Under the third prong, "[i]f the plaintiff establishes both prongs one and two, the defendant must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Boschetto*, 539 F.3d at 1016. Seven factors are considered in determining reasonableness: (1) the extent of a defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's home state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interests in convenient and effective relief; and (7) the existence of an alternative forum. *Glencore Grain*, 284 F.3d at 1125.

        a.      <u>Extent of purposeful interjection into the forum.</u>

The extent of "purposeful interjection" by the defendant is limited to her receipt of one isolated phone call from Dr. Nasr. "The smaller the element of purposeful interjection, the less is

jurisdiction to be anticipated and the less reasonable is its exercise." *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1488 (9th Cir.1993) (*quoting Insurance Co. of North Am. V. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir. 1981). The first factor weighs in favor of the defendant.

      b.  <u>Burden on the defendant of defending in the forum</u>.

With respect to the second factor, defendant asserts that witnesses in Nevada outside of the subpoena power of this Court include the manager and other employees at Renown, persons who worked for her previous employer in Las Vegas and witnesses at the State Board of Nursing. Plaintiff's purported witnesses in California include Dr. Nasr and others at Feather River Hospital, her current employer and persons at Kaiser Hospital where she applied for employment. There may actually be the same number of witnesses in both Reno and Sacramento. The Court finds the second factor to be neutral.

      c.  <u>Conflict between Nevada and California law.</u>

Defendant asserts that a potential conflict exists between California and Nevada law with respect to the conditional privilege of discussing employment performance with a prospective employer. In particular, defendant expresses concerns about the privilege codified in Section 47(c) of the California Civil Code, which contains an exception stating, "This subdivision shall not apply to a communication concerning the speech or activities of an applicant for employment if the speech or activities are constitutionally protected, or otherwise protected by Section 527.3 of the Code of Civil Procedure or any other provision of law." Cal.Civ.Code § 47(c). Plaintiff asserts that the exception does not apply because her defamation claim is not based on any communication concerning her own speech. The Court agrees. Therefore, The third factor weighs in favor of the plaintiff.

      d.      <u>The forum state's interest in adjudicating the dispute.</u>

Defendant argues that the fourth factor is neutral, in light of plaintiff's short time as a California resident, and Nevada's interest in adjudicating conduct of its employers. Plaintiff argues that California has a strong interest in providing a means of redress for its residents who are tortiously injured. The Court finds the fourth factor to be neutral.

      e.      <u>The most efficient judicial resolution of the controversy</u>.

The fifth factor, the most efficient judicial resolution of the controversy, clearly weighs in defendant's favor. Included in considerations of efficiency is the ability of a party to obtain relief in a reasonable period of time. The most efficient resolution of the controversy is clearly in the District of Nevada. The Eastern District of California is the most impacted district in the country with a weighted caseload per judge of almost twice the next closest court, excluding one other court that has a higher weighted caseload due to multi-district litigation. But excluding that court, no other district is close in terms of weighted caseloads. The reality is that the plaintiff can get much swifter justice in the District of Nevada. The Court finds the fifth factor to weigh clearly in favor of Defendant.

      f.      <u>Importance to Plaintiff's interests in convenient and effective relief</u>.

The sixth factor, the importance to the plaintiff's interest in convenient and effective relief, weighs in plaintiff's favor due to her preference in trying the case in the state of her residence.

      g.      <u>Existence of alternative forum.</u>

Regarding the seventh factor, the existence of an alternative forum, clearly the District of Nevada exists. However, because the plaintiff does not want to litigate there, the factor is neutral. In balancing the weight of the factors against one another, the Court finds that the defendant has met

her burden under the third prong of showing that exercise of personal jurisdiction over her would be unreasonable.

   C. <u>The Court Lacks Subject Matter Jurisdiction over Defendant.</u>

This Court may raise lack of subject matter jurisdiction *sua sponte*. *Pacific Gas & Elec. Co. v. Arizona Elec. Power Coop., Inc.*, 479 F. Supp. 2d 1113, 1119 (E.D. Cal. 2007).  Plaintiff's Complaint contains simply one allegation that "[t]his is the proper court and this action is properly filed in the United States District Court for the Eastern District of California under the Title 28, Section 1332(a)(b), Diversity of Citizenship."  There is no specific allegation about the amount in controversy.  Therefore, dismissal of the Complaint is proper based on lack of subject matter jurisdiction.

## **CONCLUSION**

For reasons stated above, the defendant's motion to dismiss for lack of personal jurisdiction is hereby GRANTED.  The plaintiff's Complaint shall be dismissed without prejudice.

IT IS SO ORDERED.

DATED: 12/1/2011

              <u>/s/ John A. Mendez</u>
              HON. JOHN A. MENDEZ
              U. S. DISTRICT COURT JUDGE